UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYDEZ WARE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00434-JPH-TAB ) |
| WILLIAMS Sgt, TERRY Officer, | ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff Raydez Ware is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil rights action alleging that Officer Terry slammed his hands in a tray slot in the presence of Sergeant Williams and that Officer Terry and Sergeant Williams denied his requests for medical treatment in violation of his Eighth Amendment rights. Dkt. 2. Because Mr. Ware is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint alleges claims against Officer Terry and Sergeant Williams. Mr. Ware states that, on August 3, 2022, he asked Officer Terry and Sergeant Williams if he could take his shower. But Sergeant Williams denied his request and told him to "cuff up before I tase you." Dkt. 2 at 3. When Mr. Ware asked what he had done wrong, Officer Terry told him to remove his hands from the tray slot and began screaming at him. Sergeant Williams then took out his taser and ordered Mr. Ware to "move or cuff up." *Id.* Mr. Ware again questioned Sergeant Williams, who responded, "move now before I tase you." *Id.* Officer Terry then slammed the tray slot door down on Mr. Ware's hands. When Mr. Ware screamed that his hands were caught in the tray slot, she lifted the door, and he removed his hands. Officer Terry then pulled the tray slot door closed and locked it. Mr. Ware questioned Sergeant Williams about whether he saw Officer Terry slam the tray slot on his hands, but Sergeant Williams denied witnessing this conduct.

Mr. Ware repeatedly asked Officer Terry and Sergeant Williams to take him to medical to obtain treatment for his hands, but they ignored his requests. The next day, during a walkthrough, Officer Terry called him a "crybaby" and stated, "I didn't even slam it that hard on you." *Id.*

Subsequently, Mr. Ware submitted a medical health request but did not receive medical treatment for thirteen days. On August 16, 2022, Officer Terry escorted him to medical for his appointment. Mr. Ware requested a different officer but was told that, if he did not go with Officer Terry, this would be construed as a refusal to attend his appointment. During his appointment, the medical provider told him that his hands were fractured. On the way back to his cell, Officer Terry and another officer joked about Mr. Ware's intent to sue Officer Terry and she responded that this was not the first time that she had been sued. Mr. Ware seeks declaratory judgment, punitive damages, and compensatory damages for his injuries.

### III. Discussion of Claims

To begin, Mr. Ware's Eighth Amendment excessive force claim **shall proceed** against Officer Terry in her individual capacity. The use of excessive force can support a viable claim under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (noting that the Eighth Amendment ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain). Because Mr. Ware has alleged sufficient facts to state an excessive force claim, this claim **shall proceed.**

3

Additionally, Mr. Ware's Eighth Amendment failure to intervene claim **shall proceed** against Sergeant Williams in his individual capacity. An officer's failure to intervene to prevent excessive force can support an Eighth Amendment claim. *Stewardson v. Biggs*, 43 F.4th 732, 736 (7th Cir. 2022) ("It is clearly established that '[a]n officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know . . . excessive force was being used,' and 'the officer had a realistic opportunity to intervene to prevent the harm from occurring.'"). Because Mr. Ware has alleged sufficient facts to state a failure to intervene claim, this claim **shall proceed.**

Finally, Mr. Ware's Eight Amendment deliberate indifference claims **shall procced** against Officer Terry and Sergeant Williams in their individual capacities. Denial of medical care for a known serious medical need can support a deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing Estelle); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). Because Mr. Ware has alleged sufficient facts to state deliberate indifference claims, these claims **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Ware believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 4, 2023,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer Terry and Sergeant Williams in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 10, 2023, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 7/13/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RAYDEZ WARE
269944
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Sergeant Williams
    Officer Terry
    (All at Pendleton Correctional Facility)